COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

HECTOR GARDEA,                                            )

                                                                              )               No.  08-03-00284-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20010D01871)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Hector Gardea attempts to appeal from a judgment adjudicating him
guilty of driving while intoxicated under Article 49.09 of the Texas Penal
Code.  Finding that Appellant has not
complied with Rule 25.2 of the Texas Rules of Appellate Procedure, we dismiss
the appeal.

Rule 25.2 governs
the defendant=s right
to appeal in a criminal case.  This rule
provides in part:

A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other appealable order.  In
a plea bargain case--that is, a case in which defendant=s
plea is guilty or nolo contendere
and the punishment did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant--a defendant may appeal only:

 

(A)       those matters
that were raised by written motion filed and ruled on before trial, or








(B)       after getting
the trial court=s
permission to appeal.

 

Tex.R.App.P. 25.2(a)(2).  The rule also provides the following:

 

(d)        Certification of Defendant=s Rights of Appeal.  If the defendant is the appellant, the record
must include the trial court=s
certification of the defendant=s
right of appeal under Rule 25.2(a)(2).  The certification should be part of the
record when notice is filed, but may be added by timely amendment or
supplementation under this rule or Rule 34.5(c)(1) or
Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2).  The appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under these rules.

 

Tex.R.App.P. 25.2(d).

 

Appellant filed a
timely notice of appeal but the notice did not include the trial court=s certification of the defendant=s right to appeal as required by Rules
25.2(a)(2) and 25.2(d).  This Court notified Appellant=s counsel on July 15, 2003, that a
certification had not been filed and requested that Appellant file an amended
notice of appeal within thirty days or the appeal would be dismissed pursuant
to Rule 25.2(d).  See Tex.R.App.P. 25.2(d).  As of this date, Appellant has not filed an
amended notice of appeal.  Accordingly,
the appeal is dismissed.

 

 

 

August
28, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)